UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

| | |
|---|---|
| J. R. N. HOLDINGS, INC.<br><br>　　　　　　　　Plaintiff,<br><br>-vs-<br><br>M/V PRIORITY, her engines, tackle, apparel,<br>appurtenances, etc., having Official No. 906736,<br>in rem: and LANCE/JAMES, INC., AND LANCE<br>R. GREENBERG AND JAMES D. GALUSHA,<br>in personam.<br>　　　　　　　　Defendants. | CASE NO. CIV-FERGUSON<br>MAGISTRATE JUDGE<br>SNOW |

**COMPLAINT TO FORECLOSE A PREFERRED**
**SHIP'S MORTGAGE AND FOR DAMAGES**

THE COMPLAINT of J.R.N. HOLDINGS, INC., against the M/V PRIORITY, and her engines, tackle, apparel, etc. in rem and LANCE/JAMES, INC., and LANCE R. GREENBERG and JAMES D. GALUSHA, in personam, (hereinafter referred to as "Defendants"), in a cause of enforcement of a First Preferred Ship's Mortgage and of Contracts, civil and maritime, alleges upon information and belief:

　　1.　This Court has jurisdiction of this matter, pursuant to 28 U.S.C. Section 1333 and 46 U.S.C. Section 31325.

　　2.　This is an Admiralty and Maritime claim within the meaning of Fed. R. Civ. P. 9(h).

　　3.　At all times relevant hereto, J.R.N. HOLDINGS, INC., was and still is a corporation organized and existing under the laws of the State of Florida with a principal place

of business at Fort Lauderdale, Florida.

4. At times relevant hereto, the Defendant, PRIORITY, is and was a vessel documented under the laws of the United States in the name of Lance/James, Inc.

5. Upon information and belief, the defendant vessel is presently berthed at J.R.N. HOLDINGS, INC., 928 N.E. 20th Avenue, Fort Lauderdale, Florida 33304, which is within the jurisdiction of this court.

6. The Defendant, Lance R. Greenberg, has a residence unknown to plaintiff, and is sui juris.

7. The Defendant, James D. Galusha, has a residence unknown to plaintiff, and is sui juris.

8. The Defendant, Lance/James, Inc., is a corporation formed under the laws of the State of Delaware.

9. On or about April 14, 1998, defendants Lance/James, Inc., Lance R. Greenberg and James D. Galusha purchased a certain 1986 Midnight Lace L/O/A 65.3', vessel being named PRIORITY, and having Official No. 906736.

10. In connection with the aforesaid purchase, Defendants, Lance R. Greenberg and James D. Galusha, executed a Promissory Note, on April 14, 1998. (A true and correct copy of the Promissory Note and is attached hereto and incorporated herein as Exhibit "A".)

11. In furtherance of the perfection of the security interest in and to the vessel, a First Preferred Ship's Mortgage was executed by defendants, Lance/James, Inc., Lance R. Greenberg and James D. Galusha, and was recorded on or about May 04, 1998, at 10:55am in Book 98-52, page 148. (A true copy of the First Preferred Ship's Mortgage is attached herein and incorporated herein as Exhibit "B".)

12. Plaintiff presently owns and holds the Note and Mortgage. The original principal amount of said Promissory Note and Mortgage was FOUR HUNDRED THOUSAND 00/100 DOLLARS ($400,000.00), plus interest.

## COUNT I

13. Plaintiff, J.R.N. HOLDINGS, INC., repeats and realleges each and every allegation contained in paragraphs "1" through "12", as if set forth at length herein.

14. Defendants defaulted upon their obligations pursuant to the Promissory Note and First Preferred Ship's Mortgage by failing to make the payment due on or about October 01, 1999. (Defendants did tender payment after the default date and Plaintiff did deposit said payment under protest with reservation of rights.)

15. Plaintiff, J.R.N. HOLDINGS, INC., has elected, under the terms of the Promissory Note and First Preferred Ships's Mortgage, to accelerate the remaining balance and to declare said amount due and payable in full.

16. Despite numerous demands for payment, no payment has been received. However, on or about December 18, 1999, Plaintiff's counsel received a letter dated December 18, 1999, from James D. Galusha, individually and as president of Lance/James, Inc. stating that both himself and Lance/James, Inc. were insolvent and unable to meet the payment terms of the First Preferred Ship's Mortgage. (A true copy of the December 15, 1999 letter from James D. Galusha is attached herein and incorporated herein as Exhibit "C".)

17. All prerequisites to the maintenance of this action have been waived, performed or complied with.

18. The remaining principal balance due the Plaintiff upon said obligation is $336,064.53 as of this date, and interest through January 27, 2000 on the unpaid principal, of

$10,956.60, for a total of $347,021.13, together with currently accruing interest at the rate of 10 percent per annum, and an amount due for attorney's fees, reasonable court costs, and repossession and any and all other costs relating to this foreclosure action all pursuant to the Promissory Note and First Preferred Ship's Mortgage.

19. Plaintiff is obligated to pay its attorney, Adam H. Smith, P.A., a reasonable fee.

**WHEREFORE**, judgment is demanded in favor of Plaintiff, J.R.N. HOLDINGS, INC., against the Defendant vessel, PRIORITY, her engines, tackle, appurtenances, etc., for foreclosure of the Preferred Ship's Mortgage held by the Plaintiff against said vessel; and further that said vessel be sold as provided by law, free and clear of its liens and proceeds of said sale first applied to the costs of this action, costs of repossession and attorney's fees, and then to the principal and interest balance due, all according to the terms of the Promissory Note and First Preferred Ship's Mortgage, as well as such other relief as may be just and appropriate under the circumstances.

## COUNT II

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as if set forth at length herein.

21. Pursuant to the terms of the Promissory Note and First Preferred Ship's Mortgage, Defendants obligated themselves to pay the sum of $400,000.00, plus interest, for and on behalf of and as consideration for the purchase of the vessel, PRIORITY, her engines, tackle, appurtenances, etc.

22. The payment due and owing on or about October 01, 1999, was not timely made, and the full balance owing thereon has been accelerated and declared due and owing by the Plaintiff pursuant to the terms and conditions of the Promissory Note and First Preferred Ship's Mortgage.

23. All prerequisites to the maintenance of this action have been waived, performed or complied with.

24. The remaining principal balance due the Plaintiff upon said obligation, is $336,064.53, as of this date, plus and interest through January 27, 2000, of $10,956.60, for a total of $347,021.13, together with currently accruing interest at the rate of 10% per annum, reasonable attorney's fees, court costs and any and all other costs relating to this foreclosure action and/or repossession all pursuant to the terms of the Promissory Note and First Preferred Ship's Mortgage.

25. Plaintiff has retained the law firm of Adam H. Smith, P.A., and is obligated to pay them reasonable attorney's fees.

**WHEREFORE**, judgment is demanded in favor of the Plaintiff, J.R.N. HOLDINGS, INC., against the Defendant for the principal amount of $336,064.53 plus interest, court costs, reasonable attorney's fee, and any and all costs relating to the foreclosure and/or repossession and/or default of the Promissory Note and First Preferred Ship's Mortgage, all pursuant to the terms of the Promissory Note and First Preferred Ship's Mortgage, as well as any deficiency judgment and any and all other relief that this Court deems just and appropriate under the circumstances.

Dated: Boca Raton, Florida
January 27, 2000

Adam H. Smith, Esq.
Florida Bar No. 964506
ADAM H. SMITH, P.A.
Attorney for Plaintiff,
J.R.N. Holdings, Inc.
855 South Federal Highway, Suite 212
Boca Raton, Florida 33432-6133
(Tel.) 561-395-3022

STATE OF FLORIDA

COUNTY OF PALM BEACH

Before me, the undersigned notary public, personally appeared JONATHAN NAYLOR, Vice President of J.R.N. HOLDINGS, INC., who was sworn and says the he has read the foregoing complaint and to the best of his knowledge and belief, the facts contained within are true.

—————————————————————
JONATHAN NAYLOR, VICE PRESIDENT
J.R.N. HOLDINGS, INC.

On the 23rd day of January, 2000 before me personally appeared JONATHAN NAYLOR to me known and known to me to be the person who executed the foregoing instrument, and s/he acknowledged to me that s/he executed the same. *produced FLA. DRIVER'S LICENSE*

—————————————————————
Notary Public



Barbara J Killackey
My Commission CC793098
Expires November 24, 2002

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
J.R.N. HOLDINGS, INC.

CIV-FERGUSON

### DEFENDANTS
M/V PRIORITY, HER engines, tackle, apparel, appurtenances, etc., having Official No. 906736, in rem; and Lance/James, Inc., a delaware corporation, and Lance R. Greenberg and James D. Galusha, in personam.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Believed to be Broward
(IN U.S. PLAINTIFF CASES ONLY)

MAGISTRATE JUDGE SNOW

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Adam H. Smith, Esq.
855 South Federal Highway, Suite 212
Boca Raton, Florida 33432  (Tel.) 561-395-3022

ATTORNEYS (IF KNOWN)
UNKNOWN AT THIS TIME

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## VI. CAUSE OF ACTION
46 U.S.C. 3125 Foreclosure of a Preferred Ship's Mortgage

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: January 28, 2000
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 518433  AMOUNT $150.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___