UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

| | |
|---|---|
| J. R. N. HOLDINGS, INC. | ) |
| | ) CASE NO. CIV-FERGUSON |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| M/V PRIORITY, her engines, tackle, apparel, | ) |
| appurtenances, etc., having Official No. 906736, | ) |
| in rem: and LANCE/JAMES, INC., AND LANCE | ) |
| R. GREENBERG AND JAMES D. GALUSHA, | ) |
| in personam. | ) |
| Defendants. | ) |



**MOTION FOR APPOINTMENT
OF SUBSTITUTE CUSTODIAN FOR M/V PRIORITY**

Pursuant to Local Admiralty Rule E(10)(c), Plaintiff, J.R.N. HOLDINGS, INC., by and through the undersigned attorney, represents the following:

(1)     On January 28, 2000, Plaintiff initiated the above styled action against the vessel M/V PRIORITY her boats, engines, tackle, apparel, furniture, equipment, appurtenances, etc.

(2)     On January 28, 2000, Plaintiff filed an Order Directing The Issuance Of The Warrant Of Maritime Arrest, requesting that the Clerk of the District Court issue a Warrant of Arrest against the vessel M/V PRIORITY, directing the U.S. Marshal to take custody of the vessel, and to retain custody of the vessel pending further order of this Court.

(3)     Pursuant to the terms of the First Preferred Ship's Mortgage (see complaint Exhibit "B"), and as a result of lawful repossession by New River Recovery, the Plaintiff, J.R.N. Holdings Inc., has custody of the vessel, M/V PRIORITY.

(4)     Subsequent to the issuance of the Warrant of Arrest, the Marshall will take steps to immediately seize the vessel. Thereafter, continual custody by the Marshall will require the services of at least one custodian at a cost of approximately $100.00 per day.

(5)     The vessel is currently berthed at J.R.N. Holdings, Inc., and subject to the approval of the court, J.R.N. Holdings, Inc., is prepared to act as the substitute custodian. They will provide security, wharfage and routine services for the safekeeping of the vessel at a cost substantially less than that presently required by the Marshall. The substitute custodian has also agreed to

continue to provide these services pending further order of this Court.

(6)     In support of this request for the appointment of J.R.N. Holdings, Inc., as substitute custodian, we further state that their appointment is in the economic interest of the parties as J.R.N. Holdings, Inc. has the greatest financial interest in the vessel ($366,064.53 in principal) and would be most likely to provide quality maintenance and upkeep. Further, they own facilities suitable for maintaining and securing the vessel and could provide all required services at a reasonable cost.

(7)     J.R.N. Holdings, Inc., has liability insurance through International Marine Underwriters Policy No. CPH915503 in the amount of $2,000,000.00 aggregate liability, adequate to respond to damages for loss or injury to the defendant vessel during said custody. (see copy of declaration pages attached hereto as Exhibit "A")

(8)     The substitute custodian has adequate facilities for the care, maintenance and security of the vessel. In discharging its obligation to care for, maintain and secure the vessel, the Substitute Custodian shall comply with all orders of the Captain of the Port, United States Coast Guard, including but not limited to, an order to move the vessel; and any applicable federal, state and local laws, regulations and requirements pertaining to vessel and port safety. The Substitute Custodian shall advise the Court, the parties to the action and the United States Marshal, of any movement of the vessel pursuant to an order of the Captain of the Port, within twenty-four (24) hours of such vessel movement.

(9)     Concurrent with the Court's approval of the Motion for Appointment of the Substitute Custodian, Plaintiff and the Substitute Custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2).

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the indemnification agreement noted in paragraph (9) above, Plaintiff requests this Court to enter an order appointing J.R.N. HOLDINGS, INC., as the Substitute Custodian for the vessel, M/V PRIORITY.

DATED at _Boca Raton_, Florida, this _28th_, day of _January_, 2000.

_Adam H. Smith_
Adam H. Smith, Esq.
Florida Bar No. 964506
Attorney for Plaintiff,
J.R.N. Holdings, Inc.
855 South Federal Highway, Suite 212
Boca Raton, Florida 33432-6133
(Tel.) 561-395-3022

cc:     J.R.N. HOLDINGS, INC.

# ADDITIONAL ATTACHMENTS <u>NOT</u> SCANNED

PLEASE REFER TO COURT FILE